[No. 10542. Department One. November 11, 1912.]

SOREN SORENSON, *Respondent*, v. DANAHER LUMBER COMPANY, *Appellant*.[1]

CONTINUANCE—ABSENCE OF WITNESSES—DISCRETION. It is not an abuse of discretion to deny a continuance on account of the absence of a witness, defendant's general manager, needed in the preparation of the defense, where it is admitted by the plaintiff that the witness if present would testify as it was claimed he would, and another witness testified in substance to the same effect, and was better able to give assistance in preparation than the manager.

MASTER AND SERVANT—SAFE PLACE—GUARDING DANGEROUS MACHINERY—FACTORY ACT—INSTRUCTIONS. In an action for personal injuries to an oiler, caught by a conveyor chain which was unguarded at a point where he was compelled to stoop and cross under it, the court is not called upon to give instructions upon the theory that the defendants had made an honest effort to guard the chain under the factory act, where there was no pretense that it was guarded at this point; and it is sufficient if the jury was instructed that the plaintiff cannot recover if the conveyor chain was reasonably safeguarded.

[1]Reported in 127 Pac. 586.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered January 6, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries to an oiler in a sawmill. Affirmed.

*Hudson, Holt & Harmon,* for appellant.

*Govnor Teats, Hugo Metzler, Leo Teats,* and *Ralph Teats,* for respondent.

PARKER, J.—This is an action to recover damages for personal injuries which the plaintiff alleges resulted to him while employed as an oiler in the defendant's sawmill, from the failure of the defendant to guard certain machinery therein as required by the factory act. From a verdict and judgment in favor of the plaintiff, the defendant has appealed.

Counsel for appellant contend that the trial court erred in denying their application for a continuance when the cause was proceeding to trial, on account of the absence of the manager of appellant's mill, caused by his sickness. In making the application, counsel stated the facts expected to be proven by the testimony of the manager, which statement was accepted by opposing counsel and the court in lieu of the usual formal affidavit for continuance. Upon the admission of counsel for respondent that the manager would, if present, testify as stated by counsel for appellant, and consenting that such testimony be considered as actually given upon the trial, the court denied a continuance. The millwright of appellant, employed about the mill, was present during the trial and testified in behalf of appellant to facts amounting, in substance, to all that it was claimed the manager would testify to. It was also claimed by counsel for appellant that the presence of the manager of the mill at the trial was necessary to a proper presentation of the defense, in that his aid and advice to counsel in the course of the trial were necessary. It is apparent from the record, however, that the presence of the millwright was of substantially the same

benefit to counsel as the presence of the manager would have been. Indeed, the record furnishes ground for belief that the millwright, by reason of his familiarity with the construction and arrangement of the particular machinery involved, was better able to assist counsel during the course of the trial than the manager would have been if present. Clearly there was no abuse of discretion in denying appellant's application for a continuance under these circumstances.

Other contentions of counsel for appellant are made upon the failure of the court to give a number of instructions as requested by them. These requested instructions were numerous and of considerable length. A careful comparison of them with those given by the court convinces us that the court's instructions covered in substance the same ground, so far as the case required, and were as favorable to appellant as it was entitled to. The only ones we deem it necessary to notice are certain instructions requested by counsel for appellant upon the theory that the evidence might warrant the conclusion that appellant had made an honest effort to comply with the factory act in guarding the particular machinery involved. We do not think that the evidence was such as to call for any instructions upon this theory. Respondent's sleeve was caught on one of the lugs attached to the chain of a sawdust conveyor at a place where the chain and lugs of the carrier returned under the carrier. There was no pretention that there was any guard at this particular place, yet it is apparent that it was necessary for respondent, in performing his duties as oiler, to pass under the chain and lugs at this place, and that he was required to stoop in so doing. Being caught upon one of these lugs, he was carried along four or five feet, and his hand carried into a sprocket wheel over which the chain and lugs ran. Appellant insists that a certain small iron girder, a part of the frame of the structure, in front of this sprocket wheel, acted as a guard to keep persons away from the sprocket wheel. Respondent was drawn over this iron girder onto the sprocket

wheel where he received his principal injuries. Assuming that this girder acted in some degree as a guard to keep persons away from the sprocket wheel, it was in no sense a guard to keep persons from coming in contact with the chain and lugs at the point where respondent was caught. The trial court, however, did instruct the jury that they were to determine:

"Whether or not the sprocket wheel and conveyor chain on which the plaintiff claims to have been injured were, at the time of the accident and injury, reasonably safeguarded; and if you find that it was so safeguarded, then your verdict must be for the defendant, for the plaintiff's right of action rests upon the allegations in his complaint that he was injured by the failure to reasonably safeguard the machinery by which he was injured."

This instruction we think was, in any event, all that appellant was entitled to have given to the jury. We conclude that the jury was fully and fairly instructed.

The judgment is affirmed.

MOUNT, C. J., CHADWICK, CROW, and GOSE, JJ., concur.